A05A2047. BARRINGTON HILLS CONDOMINIUM ASSOCIATION, INC. v. LEWIS.
(627 SE2d 114)

ADAMS, Judge.

Joanne Lewis brought suit against her condominium association alleging that it had a duty to maintain and repair the subterranean soil underneath her unit, that it breached that duty by failing to make needed repairs, and that as a result she was damaged. She moved for partial summary judgment to establish the existence of the duty and the fact of the breach. The trial court granted partial summary judgment on those grounds, and the association appeals.

The association, Barrington Hills Condominium Association, Inc., admits that pursuant to its covenants and bylaws, it has a duty to maintain all common elements of the association, including areas outside and underneath the individual condominium units. It is also undisputed that at least at one point in time, subsurface problems near or under building 100, Lewis's building, were causing structural issues for the building that were affecting Lewis's condominium. In 2002, the association hired a contractor who installed subsurface piers immediately adjacent to and under the edge of the slab foundation of Lewis's unit and replaced a retaining wall immediately adjacent to and below her unit. No piers were placed under the main part of the unit itself, for instance, under the living room. Later, Lewis hired a contractor who performed additional work, including the installation of piers under the unit, that he had earlier recommended to remedy the remaining problems. The association contends that the additional work was not necessary.

In support of her motion for partial summary judgment, Lewis submitted expert testimony to show that the additional work was necessary. The trial court held that Lewis "has come forward with competent and sufficient expert testimony to support a prima facie case that there were repairs which needed to be done to [her]

condominium unit and that there was a failure by the [association] to make the repairs." The court also found that Lewis's expert testimony was not rebutted. In so doing the court held that the association's expert affidavit was not timely filed, but that even if it had been, its content was "not competent to create a genuine fact question sufficient to rebut or create a jury question regarding an essential element of [Lewis's] claims which were subject to the Motion for Partial Summary Judgment." The trial court's order does not address whether the additional work performed at Lewis's direction was necessary or reasonable under the circumstances: "the remaining issues of proximate cause and damages flowing therefrom will be subject to a jury trial in this case."

Thus, the primary question on appeal is whether there is a genuine issue of material fact regarding whether the association breached its duty to repair by failing to completely repair the subsurface soil problems affecting Lewis's unit.[1] To address this question we review the facts de novo and construe the evidence in the light most favorable to the association. See *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

The association contends that the trial court erred by granting partial summary judgment on the basis of expert opinion testimony. We agree. We first note that Lewis contends the trial court did not rely solely on expert testimony, but this is incorrect with regard to the second element of the motion for partial summary judgment. Lewis's expert witness is the only person who offered evidence in support of the proposition that additional work was necessary to remedy the problems affecting Lewis's unit. It follows that the trial court relied solely on expert testimony in order to establish that the association breached its duty to repair.

A plaintiff may not obtain summary judgment based solely on opinion evidence. *Harrison v. Tuggle,* 225 Ga. 211, 212-213 (2) (167 SE2d 395) (1969); *Young v. Faulkner,* 251 Ga. App. 847, 848 (555 SE2d 221) (2001); *Standex Intl. Corp. v. Driver,* 223 Ga. App. 645, 646 (478 SE2d 605) (1996). See also *Ginn v. Morgan,* 225 Ga. 192, 193-194 (167 SE2d 393) (1969).[2] "[S]uch opinion evidence requires a factual determination by a jury whether to accept it in whole or in part and what

---

[1] There may be an issue of fact regarding whether the association's 2002 corrective work in areas around building 100 was taken in response to Lewis's complaint about her unit's problems or whether that work even addressed Lewis's unit's specific problems, but neither fact is relevant to our inquiry. We must simply determine whether the record establishes as a matter of fact that the association failed to completely repair the subsurface soil problems affecting Lewis's unit.

[2] Compare *Savannah Valley &c. Assn. v. Cheek,* 248 Ga. 745, 746 (285 SE2d 689) (1982) (defendant/movant may be entitled to summary judgment in cases where a plaintiff must produce an expert opinion to prevail, if defendant produces an expert opinion in support of a

weight and credibility to give the opinion. [Cit.]" *Home Ins. Co. v. Sunrise Carpet Indus.*, 229 Ga. App. 268, 272-273 (2) (493 SE2d 641) (1997).

Because the association admitted it had a duty to maintain and repair the subterranean soil underneath Lewis's unit, that aspect of the trial court's order is affirmed. The decision that the association breached its duty by failing to make needed repairs is reversed. The remaining enumeration of error is moot.

*Judgment affirmed in part and reversed in part. Smith, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 6, 2006.

*Weissman, Nowack, Curry & Wilco, Derek W. Johanson, Taylor, Busch, Slipakoff & Duma, Ryan M. Pott*, for appellant.
*Abraham A. Sharony*, for appellee.

motion for summary judgment and plaintiff fails to rebut it with expert testimony).