A07A1535. ELLISON et al. v. HILL.
(654 SE2d 158)

MIKELL, Judge.

After appellee Allen Scott Hill filed a claim against the estate of Darrell F. Ellison (the "Estate"), appellants Linda P. Ellison and Ty D. Ellison, co-administrators of the estate of Darrell F. Ellison, deceased, and Ellison Group, Inc. ("EGI") (appellants hereinafter collectively referred to as the "Ellisons"), brought the underlying action against Hill on September 11, 2003, seeking a declaratory judgment that Hill's claim against the Estate was invalid, and asserting additional claims for money had and received. On February 3, 2006, the Ellisons moved for partial summary judgment as to their claim for declaratory relief, and on March 7, 2006, they moved to add four new defendants. Their motion for partial summary judgment was denied by the trial court, and the trial court also refused to add three of the four parties sought to be named as new defendants. Having granted the Ellisons' application for interlocutory appeal, we affirm the rulings of the trial court for the reasons set forth below.

1. "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law."[1] "In reviewing a grant or denial of summary judgment, this Court conducts a de novo review of the evidence."[2]

Properly viewed, the record reflects that Darrell Ellison and Hill started a retail used car business known as City Wide Auto Sales ("City Wide") in late 1999 or early 2000. Hill was responsible for the day-to-day operation of the business; Ellison provided the necessary capital. After Ellison's death on February 2, 2003, and after Hill was terminated as the manager of City Wide in June 2003, Hill filed a $5,500,000 claim against the Estate on August 1, 2003, asserting that the City Wide used car business had been a partnership between Hill and the deceased, and that profits generated by City Wide were to be shared equally between Hill and Ellison. On September 11, 2003, the Ellisons petitioned for a declaratory adjudication that Hill's claim against the estate was void; Hill counterclaimed for an accounting of the assets of the alleged City Wide partnership, for his asserted one-half share of partnership profits and assets, for punitive damages, and for attorney fees. The Ellisons' motion for partial summary judgment as to their petition for declaratory relief was denied by the

---

[1] (Footnote omitted.) *Aames Funding Corp. v. Henderson,* 275 Ga. App. 323 (620 SE2d 503) (2005).

[2] *Federated Mut. Ins. Co. v. Ownbey Enterprises,* 278 Ga. App. 1 (627 SE2d 917) (2006).

trial court, which ruled that there were genuine issues of material fact as to whether a partnership existed between Ellison and Hill as to whether City Wide had generated any profits as of the date of Ellison's death. The Ellisons bring this interlocutory appeal from the trial court's denial of their motion for partial summary judgment and from the trial court's partial denial of their motion to add new defendants.

The Ellisons argue that, even if a partnership or profit sharing agreement existed between Hill and Ellison, Hill's claim against the Estate is worthless because City Wide had no profits for Hill to share at the date of Ellison's death. In support of their motion for partial summary judgment, the Ellisons submitted affidavits of certified public accountants who prepared recasted balance sheets for EGI. EGI, a Georgia for-profit corporation, conducted business d/b/a City Wide, owned the assets of City Wide, and was wholly owned by Ellison at the time of his death. These balance sheets showed that EGI had stockholders' equity of either negative $608,616 or negative $685,000 at December 31, 2002. In response to the Ellisons' motion for partial summary judgment, Hill submitted his own affidavit as manager of the day-to-day operations of City Wide, showing that the internal tax and accounting records of City Wide reflected that it was operating at a profit as of the end of 2002; that its 2002 federal income tax return showed a positive stockholder's equity of $1,060,332; and that its Statement of Revenues and Expenses as of December 29, 2002, showed a net profit year-to-date of $460,275.12.

The Ellisons assert, and Hill does not dispute, that the internal financial statements of City Wide cited by Hill were not prepared in accordance with generally accepted accounting principles (GAAP). The Ellisons contend that, once they produced expert testimony of certified public accountants attacking the internal financial records of City Wide as flawed and not in accordance with GAAP, Hill was required, in order to avoid summary judgment against him, to produce expert testimony, in accordance with GAAP, that City Wide was running at a profit when Ellison died. The Ellisons contend that Hill's own affidavit, because it was the affidavit of a nonexpert, was insufficient to raise a genuine issue of material fact. We disagree.

The Ellisons argue that Hill was required to produce an expert opinion to rebut their expert affidavits. Though this rule applies in professional malpractice actions,[3] the case at bar is not a professional malpractice case; therefore, it falls under the general rule that "a

---

[3] See *Yates v. Carlisle*, 171 Ga. App. 206, 207 (319 SE2d 71) (1984) ("[w]here the plaintiff in a professional malpractice case would be required to introduce expert opinion evidence in order to prevail at trial, and the defendant produces contrary expert opinion on motion for summary judgment, the burden shifts to the plaintiff to produce expert opinion in support of his

summary judgment can never issue based solely upon opinion evidence,"[4] because "[s]uch opinion evidence requires a factual determination by a jury whether to accept it in whole or in part and what weight and credibility to give the opinion."[5] The Ellisons have cited no authority, and we have found none, for the proposition that determination of profits of a business requires the expert testimony of certified public accountants in accordance with GAAP. It is well settled that the weight and credibility of opinion testimony, even expert testimony, is a matter for determination by the finder of fact.[6]

Although Hill's affidavit does not expressly state that it was based on personal knowledge, it clearly reflects that "its contents were rooted in [Hill's] personal knowledge and observation."[7] "The personal knowledge requirement set forth in OCGA § 9-11-56 (e) is met where the contents of the pleading indicate that material parts of it are statements within the personal knowledge of the affiant, as opposed to being made upon information and belief."[8] Hill's affidavit shows that he was manager of City Wide; that he was familiar with its records and accounts; and that his statements concerning City Wide's financial statements were based on his personal knowledge. Thus, a genuine issue of material fact was raised as to City Wide's profits, and the trial court did not err in denying partial summary judgment to the Ellisons as to their petition for declaratory relief.[9]

2. The Ellisons' original petition was filed on September 11, 2003. Almost two and a half years later, and after the close of discovery, the Ellisons filed a motion to add four new defendants: Hill's wife, Amy C. Hill; April Mayes, EGI's former bookkeeper; Norwood Wilder; and a company run by Wilder, Wilder's Service Company, Inc. d/b/a Big W Auto Sales ("Big W"), asserting against them claims including fraud, fraudulent conveyance, and violations of the Georgia RICO statute.[10] The trial court granted the motion to add Amy Hill as a defendant, but denied the Ellisons' motion to add Mayes, Wilder, and Big W as defendants. On appeal, the Ellisons contend that the trial court

---

claim. Otherwise, no issue remains for jury resolution, and the defendant is entitled to summary judgment") (citations omitted); accord *Howard v. Walker*, 242 Ga. 406, 408 (249 SE2d 45) (1978) (legal malpractice).

[4] *Ginn v. Morgan*, 225 Ga. 192, 193-194 (167 SE2d 393) (1969).

[5] (Citation and punctuation omitted.) *Barrington Hills Condo. Assn. v. Lewis*, 277 Ga. App. 510, 511-512 (627 SE2d 114) (2006).

[6] See *Zhou v. LaGrange Academy*, 266 Ga. App. 445, 450 (1) (597 SE2d 522) (2004) (bench trial).

[7] *Edwards v. Campbell Taggart Baking Cos.*, 219 Ga. App. 806, 808 (2) (466 SE2d 911) (1996).

[8] (Citation omitted.) Id.

[9] See *Barrington Hills Condo. Assn.*, supra at 511.

[10] OCGA § 16-14-1 et seq. (the "Georgia RICO (Racketeer Influenced and Corrupt Organizations) Act").

abused its discretion in denying their motion to add these three parties as defendants. We disagree and affirm the ruling of the trial court.

Under OCGA § 9-11-21, "[p]arties may be dropped or added by order of the court on motion of any party . . . at any stage of the action and on such terms as are just." "Among the factors to be considered by the trial court in determining whether to allow the amendment are whether the new part[ies] will be prejudiced thereby and whether the movant has some excuse or justification for having failed to name and serve the new part[ies] previously."[11] Here, the trial court found that the Ellisons' allegations against Mayes, Wilder, and Big W arose from different incidents and occurrences than the claims involved in this action as originally filed. The parties are not represented by the same counsel as Hill. In contrast to those cases involving actions against a mistaken corporate entity,[12] here the parties sought to be joined were two individuals and a corporation unrelated to Hill; they had no reason to know that they would be brought in as parties to this action. The trial court's conclusion that prejudice would result to these parties from allowing them to be added as parties to this litigation at this late date is amply supported by the record.[13]

Further, the Ellisons were aware of these parties and the potential claims against them for many months (Mayes, for example, was deposed on October 8, 2004). The Ellisons attempted to excuse their delay by pointing to Hill's foot-dragging in connection with discovery and his failure to engage in meaningful mediation; however, this excuse was not accepted by the trial court. "[T]he determination of whether a party should be added to a lawsuit lies within the discretion of the trial court, and that determination will not be disturbed on appeal absent a showing of abuse."[14] Finding no abuse, we affirm the ruling below.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

---

[11] (Citations omitted.) *Aircraft Radio Systems v. von Schlegell*, 168 Ga. App. 109, 111 (2) (308 SE2d 211) (1983).

[12] See, e.g., *Fontaine v. The Home Depot*, 250 Ga. App. 123, 125 (1) (550 SE2d 691) (2001) (actual corporate owners of premises in slip-and-fall case "were related to and similarly named as the original defendants and knew or should have known that the plaintiffs made a mistake in failing to name them as party defendants"); *Robinson v. Piggly Wiggly of Calhoun*, 193 Ga. App. 675, 676 (388 SE2d 754) (1989) (the new corporate defendant knew that but for a mistake concerning its identity as a proper party, the original action would have been filed against it).

[13] See generally *Aircraft Radio Systems*, supra.

[14] (Footnote omitted.) *Deleo v. Mid-Towne Home Infusion*, 244 Ga. App. 683, 684 (536 SE2d 569) (2000).

DECIDED OCTOBER 25, 2007 —
RECONSIDERATION DENIED NOVEMBER 15, 2007 — 

*James, Bates, Pope & Spivey, Stephen Louis A. Dillard*, for appellants.

*Shaffer, Raymond & Dalton, Philip T. Raymond III*, for appellee.