### A09A0738. RIDING v. ELLIS et al.
(678 SE2d 178)

MIKELL, Judge.

In his pro se appeal, Donald Scott Riding appeals the trial court's grant of summary judgment to Ralph W. Ellis, Zvi Szafran, and Carlos Ortiz in Riding's breach of contract action. On appeal, Riding argues that the trial court erred when it denied his motion to amend his complaint to add the Attorney General's Office and the Board of Regents of the University System of Georgia as parties and to remove Ellis, Szafran, and Ortiz. In his second enumerated error, Riding argues that had his amendment been allowed, the defense of sovereign immunity would not have demanded summary judgment in the appellees' favor and the doctrine of respondeat superior would have applied to the actions of Ortiz. Finding no error, we affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law."[1]

> On appeal from the grant of summary judgment[,] this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most

---

[1] (Citation omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

favorable to the nonmoving party, warrant judgment as a matter of law.[2]

So viewed, the evidence shows that Riding was a student at Southern Polytechnic State University in the spring semester of 2003. Riding was enrolled in a class called "Senior Project," in which students were divided into teams to complete an engineering project. Due to a dispute with his teammates, Riding did not complete the project, and thus, he did not receive credit for the course.

Riding filed a federal lawsuit against his professor, Thomas Currin, and several other personnel at the school, alleging that he was deprived of due process. Currin and the other defendants were represented in the federal action by appellee Ralph Ellis, in his capacity as an assistant attorney general with the Attorney General's Office. Ellis negotiated a settlement agreement with Riding, which provided, in pertinent part:

> Following their normal established procedures, Defendants agree that Plaintiff will be allowed to attempt to earn credit for CET 4480 (Senior Project) by examination. To succeed in earning credit, Plaintiff agrees to submit and present a senior-level project (both orally and in writing) of Plaintiff's choosing in the area of Civil Engineering that has been approved by the department as meeting the requirements of the course. Plaintiff and Defendants agree that the project will be judged by a three (3) person panel consisting of Professor Carlos Ortiz and two (2) outside professionals in the area of Civil Engineering Technology. Plaintiff and Defendants agree that the judgment of this panel and of Professor Ortiz will be accepted as final by the Plaintiff and all parties concerned. Defendants agree that if Plaintiff successfully submits a Project that is judged of acceptable quality by the panel and Professor Ortiz, a passing grade of at least "C" will be assigned to this course which will replace the previous grade and credit will be granted.[3]

The settlement agreement also set forth other specific requirements for the project. After Riding submitted the project, orally and in writing, he was issued a final grade of "D" by Ortiz. Ortiz averred that the "D" was issued because the project was not of an acceptable

---

[2] (Citations omitted.) *Youngblood v. Gwinnett Rockdale Newton Community Svc. Bd.*, 273 Ga. 715, 717-718 (4) (545 SE2d 875) (2001).

[3] The appellees in this appeal were not parties to the settlement agreement.

YALE LAW LIBRARY

quality that met the course requirements. Attached to Ortiz's affidavit was the written evaluation of the project, which indicated, inter alia, that the oral and written presentations were incomplete and that Riding was unable to answer questions about the project.

On January 16, 2007, Riding filed the instant case, alleging breach of contract against Ortiz, Ellis (the assistant attorney general), and Szafran, the vice president for academic affairs at the university, in their individual and official capacities. Riding alleged that the breach of contract occurred when he was not given a passing grade for his project. On April 30, 2007, the appellees filed a motion to dismiss Riding's case on the grounds that it was barred by sovereign immunity and failed to state a claim for relief. Riding opposed the motion. Appellees requested oral argument on the motion on September 27, 2007.

On October 23, 2007, Riding filed a motion for leave to amend his complaint, seeking to drop the parties named in the action and replace them with the Office of the Attorney General and the Board of Regents of the University System of Georgia. Appellees opposed the motion for leave to amend. On January 11, 2008, Riding filed a motion for summary judgment referencing the proposed parties as defendants. Appellees opposed the motion and filed a cross-motion for summary judgment. The trial court entered its order granting appellees' motion for summary judgment and denying Riding's motions for summary judgment and for leave to amend the complaint.

1. Riding argues that the trial court erred when it denied his motion for leave to amend his complaint. We review the denial of a motion for leave to amend a complaint to add a party under an abuse of discretion standard,[4] and we find no abuse of discretion here.

OCGA § 9-11-15 (a) allows a party to amend his pleading as a matter of right at any time before the entry of a pretrial order. However, when a party wishes to add or drop a party by amendment, "[OCGA § 9-11-15 (a)] must be read in pari materia with [OCGA § 9-11-21], which allows the dropping and adding of parties only by order of the court on motion of any party."[5] In determining whether to allow an amendment to add a party, the trial court may consider "whether the new parties will be prejudiced thereby and whether the

---

[4] *Ellison v. Hill*, 288 Ga. App. 415, 418 (2) (654 SE2d 158) (2007).

[5] (Punctuation, footnote and emphasis omitted.) *Clover Realty Co. v. Todd*, 237 Ga. 821, 822 (229 SE2d 649) (1976). Accord *Memar v. Styblo*, 293 Ga. App. 528, 530, n. 4 (667 SE2d 388) (2008); *Valdosta Hotel Properties v. White*, 278 Ga. App. 206, 209 (1) (628 SE2d 642) (2006) ("In order for an additional party to be added to an existing suit by amendment pursuant to OCGA § 9-11-15, leave of court *must* first be sought and obtained pursuant to OCGA § 9-11-21") (emphasis in original).

movant has some excuse or justification for having failed to name and serve the new parties previously."[6]

As best we can discern, Riding contends that the amendment should have been allowed because he is not a lawyer and did not know what needed to be done and because sovereign immunity bars his suit against the named defendants. Riding offers no acceptable excuse or justification which would warrant the conclusion that the trial court ruled inappropriately. Riding cites cases for the proposition that a misnomer can be corrected at any time, but "[c]orrection of a misnomer involves no substitution of parties and does not add a new and distinct party."[7] Therefore, we find no abuse of discretion in the trial court's denial of Riding's motion for leave to amend.

2. Riding's second enumeration of error is contingent upon this Court finding merit in his first, which we do not. Accordingly, we need not address this error.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MAY 8, 2009.

Donald S. Riding, *pro se.*

Thurbert E. Baker, *Attorney General,* Tiffany Y. Lucas, *Assistant Attorney General,* for appellees.

---

[6] (Punctuation and footnote omitted.) *Ellison,* supra.

[7] (Citation and punctuation omitted.) *Northgate Village Apts. v. Smith,* 207 Ga. App. 479, 481 (2) (428 SE2d 381) (1993). See OCGA § 9-10-132.