**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE and REESE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 25, 2017**

# In the Court of Appeals of Georgia

A17A0957. HH&L ELECTRIC, INC. v. HEBBARD ELECTRIC,   DO-038
INC.

DOYLE, Judge.

This appeal arises from a case filed by HH&L Electric, Inc., ("HH&L") against

Hebbard Electric, Inc., ("Hebbard") for breach of contract based on electrical work

and upgrading of lift stations performed by the companies at a particular job site.

Hebbard filed a motion for partial summary judgment, which the trial court granted.

HH&L appeals from that order, arguing that the trial court erred by (1) holding that

certain testimony by an accountant could be refuted only by another accountant; (2)

granting partial summary judgment to Hebbard based on disputed opinion evidence;

and (3) finding that the final profits generated were $216,299.53. For the reasons that

follow, we reverse.

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. In reviewing a grant or denial of summary judgment, this Court conducts a de novo review of the evidence.[1]

Construed in this light, HH&L and Hebbard entered into a joint venture to complete various task orders related to upgrading electrical components in waste water lift stations at Fort Gordon. A number of tasks were included in an agreement, which stated that

> [t]he above labor, materials and services shall be perform[ed] as a part of the Joint Venture Fifty Percent – Fifty Percent (50% – 50%) Cost Reimbursement Contractual Agreement between [Hebbard] and [HH&L] in accordance with [Hebbard's] Contract with Tetra Tech to UPGRADE FORT GORDON LIFT STATIONS . . . .

> The division of labor, materials[,] and services provided by [Hebbard] and [HHL] shall be dispersing [sic] to generate the highest and most productive delivery of services. This dispersing arrangement shall not have an adverse net affect on either party.

---

[1] (Footnote and punctuation omitted.) *Ellison v. Hill*, 288 Ga. App. 415 (1) (654 SE2d 158) (2007).

The agreement was signed by Aqeel Hasan as President of HH&L and John Hebbard as president of Hebbard. It is undisputed that the agreement is for a 50-50 split between Hebbard and HH&L of the profits from the tasks despite the fact that the word profit does not appear in the agreement. In its complaint, HH&L alleged that Hebbard had received $449,000 in total profits from these tasks, and Hebbard was withholding payment of $224,500, which was HH&L's portion of the total profits. Hasan averred that the parties did not agree that certain costs, including large payments to certain individuals and 15 percent overhead charges to Hebbard, would be deducted from revenues prior to a calculation of total profits. Hebbard answered, arguing that it previously had paid HH&L for some of the tasks, that the net profits did not total $449,000, and that it did not owe $224,500 to HH&L. Hebbard also alleged that HH&L was indebted to Hebbard in the amount $33,664.59, which should be set off from any net profits owed to HH&L.

Hebbard moved for partial summary judgment or, in the alternative, motion to strike the jury demand for determination of profits, arguing that an accounting performed by a certified public accountant, Rick L. Evans, showed that net profits were $216,299.53 under his assessment applying Generally Accepted Accounting Principles ("GAAP"). Hebbard maintained that because HH&L had failed to establish

3

through expert testimony that the profits were not $216,299.53, HH&L had not created a dispute of material fact, and Hebbard should be granted summary judgment on the issue of whether the total amount of profit to be split was $216,299.53.

The trial court granted partial summary judgment in favor of Hebbard, concluding that because Hebbard had proffered the expert testimony of Evans, and because HH&L failed to proffer expert testimony in order to dispute Evans's testimony, HH&L had not met its burden on summary judgment to establish that a fact question existed as to the amount of profit from the revenue.

HH&L argues that the trial court erred (1) by finding that it was required to present expert testimony by an accountant in order to refute Evans's conclusions, (2) by basing the grant of summary judgment upon Evans's opinion testimony, and (3) by determining the amount of profit as a matter of law based on refuted opinion evidence. We agree.

In support of its argument, HH&L cites to *Ellison v. Hill*,[2] which held that although a plaintiff is required to present an expert affidavit to rebut the expert opinion offered by a defendant, that rule only

---

[2] 288 Ga. App. at 415.

4

applies in professional malpractice actions, [and cases not involving] professional malpractice . . . fall[] under the general rule that . . . summary judgment can never issue based solely upon opinion evidence because such opinion evidence requires a factual determination by a jury whether to accept it in whole or in part and what weight and credibility to give the opinion. The [defendant] ha[s] cited no authority, and we have found none, for the proposition that determination of profits of a business requires the expert testimony of certified public accountants in accordance with [GAAP]. It is well settled that the weight and credibility of opinion testimony, even expert testimony, is a matter for determination by the finder of fact.[3]

In this case, numerous questions of fact exist as to what the parties had agreed to be deducted prior to calculating the amount of profits,[4] and any calculations made by Evans, regardless of whether they were generally accepted in the accounting community, are simply his opinion and not sufficient to sustain a legal conclusion without a finding of fact. Hasan had personal knowledge of the contract and can address any ambiguities by testifying to what he understood to be the agreement

---

[3] (Footnotes and punctuation omitted.) Id. at 416-417 (1), citing *Ginn v. Morgan*, 225 Ga. 192, 193-194 (167 SE2d 393) (1969); *Barrington Hills Condo. Assn. v. Lewis*, 277 Ga. App. 510, 511-512 (627 SE2d 114) (2006); *Yates v. Carlisle*, 171 Ga. App. 206, 207 (319 SE2d 71) (1984).

[4] Cf. *Kerwood v. Dinero Solutions, LLC*, 292 Ga. App. 742, 745-746 (666 SE2d 40) (2008).

5

between the parties, what he understood would be deducted prior to a disbursement of "profits," and whether HH&L had agreed to any such deductions.[5] Because such questions of fact exist, the trial court erred when it determined that the amount of profits was $216,299.53 as a matter of law.[6]

*Judgment reversed. Miller, P. J., and Reese, J., concur.*

---

[5] See *Ellison*, 288 Ga. App. at 417 (1).

[6] See id.