**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 26, 2014**

# In the Court of Appeals of Georgia

A13A1662. BOSTICK v. CMM PROPERTIES, INC. et al.

MCFADDEN, Judge.

This is an appeal from a grant of summary judgment to third-party defendants. Because the trial court correctly ruled that the claims against the third-party defendants are barred by res judicata, we affirm.

On appeal from the grant of summary judgment, we conduct a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. *Campbell v. Landings Assn.*, 289 Ga. 617, 618 (713 SE2d 860) (2011).

So viewed, the evidence shows that in January 1992, Diversified Capital Management, Inc. leased premises designated as a grocery store to James Bostick. In

August 1992, Diversified assigned its rights as lessor to Ingram Timber Enterprises, L.P. In October 2000, Bostick, with the approval of Ingram, subleased the property to CMM Properties, Inc. The sublease was subject to all terms of the original lease, referred to by the parties as the "Master Lease."

In June 2005, Ingram filed suit in superior court against CMM and three individual guarantors of the sublease (collectively "the CMM parties"), but not against Bostick. Ingram claimed default under the terms of the master lease and sublease and sought liquidated damages under paragraph 22 of the master lease. The trial court granted summary judgment to the CMM parties, finding that the purported liquidated damages sought under paragraph 22 constituted a void and unenforceable penalty. Ingram never appealed that final judgment.

In January 2010, Ingram filed a second lawsuit, this time against Bostick, seeking the same liquidated damages sought in the first lawsuit. Bostick then filed a third-party complaint against the CMM parties, claiming that if he is found liable to Ingram, then the CMM parties are liable to him. The CMM parties moved for summary judgment, asserting, among other things, res judicata based on the judgment in the first case.

Before the trial court ruled on that motion, Ingram and Bostick entered into a consent judgment, which provided that Ingram was entitled to judgment in excess of $1 million. However, Ingram and Bostick further agreed in the consent judgment that Ingram would not attempt to collect the judgment. Instead, the consent judgment would be satisfied by Bostick pursuing the case against the CMM parties. And they agreed that Ingram would get two-thirds and Bostick one-third of whatever amount, if any, was collected from the CMM parties.

The trial court subsequently granted the CMM parties' motion for summary judgment, finding, among other things, that the doctrine of res judicata precludes the present action; that the remedy provisions of the master lease are void and unenforceable penalties; and that under the terms of the consent judgment between Ingram and Bostick, there is no real threat of liability for Bostick and thus no secondary liability to be recovered by the third-party action. Bostick appeals.

1. *Venue.*

The trial court found that venue, which was premised on defendant Bostick, had vanished as a result of the consent judgment which effectively insulated him from liability. Despite that finding, the trial court did not transfer the case to another court where it believed venue was appropriate, as it should have done if venue had in fact

3

vanished. See Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII ("any court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere"). However, we agree with Bostick that venue had not vanished.

OCGA § 9-10-34 (b) states that venue for a third-party defendant "is dependent upon the venue over the defending party who brought the third-party defendant into the action, and if venue is lost over said defending party, *whether through dismissal or otherwise*, venue shall likewise be lost as to the third-party defendant." (Emphasis supplied.) Here, Bostick was not dismissed from the case and the suit against him has not otherwise been terminated. Even if the consent judgment insulated him from any real threat of liability, it did not remove him from the case, and in fact required that he continue in the case. In an analogous situation involving joint tortfeasors, we held that the entry of a consent judgment does not equate with a discharge from liability or dismissal resulting in a loss of venue. *Nalley v. Baldwin*, 261 Ga. App. 713, 715 (583 SE2d 44) (2003). Accordingly, venue was appropriate in the trial court and its finding to the contrary was erroneous. However, the error was harmless given that the court retained the case and, as explained below, correctly granted summary judgment on a separate basis.

4

2. *Res judicata.*

Bostick argues that the trial court erred in granting summary judgment based on res judicata because he was not a party to the first suit. But because Bostick and the CMM parties are in privity with one another, the argument is without merit.

The doctrine of res judicata is codified at OCGA § 9-12-40, which provides that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside."

> The doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action. Res judicata prevents a plaintiff from instituting a second complaint against a defendant on a claim that has already been brought, after having previously been adjudged not to be entitled to the recovery sought on that claim. Three prerequisites must be satisfied before res judicata applies -- (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction.

*Kennedy Dev. Co. v. Newton's Crest Homeowners' Assn.*, 322 Ga. App. 39, 41-42 (743 SE2d 600) (2013) (citations and emphasis omitted).

5

In this case, there is no dispute that the previous case was adjudicated by a court of competent jurisdiction. As for identity of parties, Ingram and the CMM parties were, of course, parties in both the first and second suits. Bostick's contention that res judicata does not apply since he was not a party to the first suit is incorrect. The doctrine applies to claims adjudicated "between identical parties *or their privies*." Id. at 41 (emphasis supplied). "Generally speaking, privies are those legally represented at trial. Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right; and where this identity is found to exist, all are alike concluded and bound by the judgment." *Pinkard v. Morris*, 215 Ga. App. 297, 298 (1) (450 SE2d 330) (1994) (citations and punctuation omitted). Bostick and the CMM parties are so connected by the sublease and master lease as to have an identity of interest in defending against liability for the alleged default under the leases. In the first suit, the CMM parties successfully represented that same legal right by obtaining summary judgment in their favor, and Bostick, as a privy, is bound by that judgment.

Bostick has not challenged the trial court's res judicata ruling on the basis of identity of cause of action. Nevertheless, a review of the record confirms the trial court's ruling that there is identity of the claims in the first and second lawsuits

6

brought by Ingram. As the trial court found, the complaints and demand letters in both actions sought liquidated damages pursuant to subsection (a) of paragraph 22 of the master lease. Moreover, Ingram's managing partner and primary stockholder, Otis Ingram, testified at his deposition that the damages he sought in the second suit were the same damages sought in the first suit. We recognize that the day before Ingram and Bostick filed their consent judgment, Ingram filed an amendment to its complaint adding a claim for damages under subsection (e) of paragraph 22 of the master lease. However, as recited above, the "doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, *or which could have been adjudicated*" in the first action. *Kennedy Dev. Co.*, supra at 41 (emphasis in original). "Specifically, one must assert all claims for relief concerning the same subject matter in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be res judicata." *Dove v. Ty Cobb Healthcare Sys.*, 316 Ga. App. 7, 10 (1) (729 SE2d 58) (2012) (citations and punctuation omitted). In his first action, Ingram could have asserted a claim for damages under any of the remedy provisions set forth in paragraph 22 of the master lease. Thus, Ingram's amended complaint with a claim under paragraph section 22 (e) does not change the fact that "[t]he subject matter was identical in both actions. [Ingram] had a full opportunity in the first action

7

to litigate each and every claim existing between the parties which touched on the issue of [the alleged] violation of the lease agreement. It was [Ingram's] duty to do so." *Buford-Clairmont Co. v. Cato Corp.*, 241 Ga. App. 50, 54 (4) (526 SE2d 104) (1999) (citation and punctuation omitted) (physical precedent).

Because there is identity of the first and second causes of action, identity of the parties or their privies, and a prior adjudication by a court of competent jurisdiction, the trial court correctly ruled that the instant suit is barred by the doctrine of res judicata, and that the CMM parties, as third-party defendants, were entitled to summary judgment on this ground. See OCGA § 9-11-14 (a) (third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim); *Empire Shoe Co. v. Nico Indus.*, 197 Ga. App. 411, 413 (1) (398 SE2d 440) (1990) (third-party defendants entitled to summary judgment on any ground that could have been raised by the original defendant/third-party plaintiff against the plaintiff).

3. *Remaining enumerations.*

Given our holding in Division 2, we need not address the remaining claims of error as a grant of summary judgment must be affirmed if right for any reason.

*Travelers Excess & Surplus Lines Co. v. City of Atlanta*, 297 Ga. App. 326 (677 SE2d 388) (2009).

　　*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*