**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 19, 2014**

# In the Court of Appeals of Georgia

A14A0960. WILANN PROPERTIES I, LLC v. GEORGIA POWER
   COMPANY.

BOGGS, Judge.

This is the fourth appearance before us of this long-running dispute between a landowner, Wilann Properties I, LLC ("Wilann"), and Georgia Power Company ("Georgia Power") over a utility easement across Wilann's property. Wilann appeals from the trial court's denial of its motion to add a party. We conclude that the trial court did not abuse its discretion, and we therefore affirm.

The facts of the case, as well as the earlier appeals, are noted in its most recent appearance, *Wilann Properties I v. Georgia Power Co.*, 321 Ga. App. 297 (740 SE2d 386) (2013). There, we affirmed the trial court's grant of summary judgment in favor of Georgia Power Company. Id. Our Supreme Court denied Wilann's petition for

certiorari, and the remittitur issued on March 25, 2013. On October 31, 2013, the trial court entered a "Final Judgment on Remittitur."

On December 2, 2013, Wilann filed a "Motion to Add Caffrey Construction Company as Counterclaim Defendant." With that motion, it filed a proposed amended counterclaim, continuing to name Georgia Power as a defendant-in-counterclaim, making allegations against Georgia Power as well as Caffrey Construction, and seeking relief against both. The trial court denied the motion, observing:

> First, the Court is aware of no authority that provides that a party may be added to an action after the completion of the case. Furthermore, the Court finds that Wilann has not satisfied its burden of establishing lack of prejudice and excusable delay. Accordingly, Wilann's Motion to Add Caffrey [Construction] Company as Counterclaim Defendant is hereby DENIED.

"The determination of whether a party should be added to a lawsuit lies within the discretion of the trial court, and that determination will not be disturbed on appeal absent a showing of abuse." (Citation, punctuation, and footnote omitted.) *Ellison v. Hill*, 288 Ga. App. 415, 418 (2) (654 SE2d 158) (2007). Moreover, the burden is on the movant to show "whether the new part[y] will be prejudiced thereby and whether the movant has some excuse or justification for having failed to name and serve the

2

new part[y] previously." (Citations, punctuation, and footnote omitted.) Id. The trial court did not abuse its discretion here.

First, the trial court correctly observed that the action below had already terminated. Georgia Power did not move for summary judgment on fewer than all the issues in the case: its motion is styled "Georgia Power's Motion for Summary Judgment as to Plaintiff's Complaint and Defendant's Counterclaim," and it explicitly moved "for summary judgment as to the claims in its complaint and as to defendant's counterclaims." In its response, Wilann never asserted that any of its claims were not subject to Georgia Power's motion, nor did it contend that the motion was only for partial summary judgment or for fewer than all issues in the case. Moreover, it acknowledged that "summary judgment is a peremptory method of disposing of a case on its merits" and that Georgia Power was required to "establish[] the absence of any issue for trial."

In *Kennedy Dev. Co. v. Newton's Crest Homeowners' Assn.*, 322 Ga. App. 39 (743 SE2d 600) (2013), we addressed a similar situation. The trial court denied summary judgment to a third-party defendant on a claim for contractual indemnity. See id. at 40-41. This court reversed, directing the entry of summary judgment for the third-party defendant, id. at 41, and the Supreme Court affirmed. After entry of

3

judgment on the remittitur, the defendant attempted to amend its third-party complaint to assert a "common law indemnity" claim, contending that this claim had survived despite its consistent treatment of the summary judgment motion as addressing all claims in the third-party action. Id. The trial court granted summary judgment on the basis of res judicata, and we affirmed after examining the parties' pleadings, holding that the claim was "both ascertainable in [the] original third-party complaint and ruled on in the grant of summary judgment, and it is therefore barred by res judicata." Id. at 44.

Similarly, Wilann's claims against Georgia Power in the proposed amended complaint are barred on res judicata grounds, and in the absence of any other parties (compare *Kennedy*, supra), the action terminated upon entry of the remittitur. Compare *Crisler v. Haugabook*, 290 Ga. 863 n. 1 (725 SE2d 318) (2012) (summary judgment not "final judgment" and did not terminate action because trial court did not rule on all claims.)

Wilann argues that it had claims in nuisance that were not adjudicated on summary judgment. But Wilann's pleadings prior to summary judgment, including its original counterclaim, its amended counterclaim, and its brief on summary judgment, asserted numerous claims that could be construed as sounding in nuisance.

4

It claimed, inter alia, invasion of its property, "continued trespasses," "damages to [its] dam, possible water runoff in the graded areas, disturbance of an Indian burial ground, and disturbance of wetlands and Clean Water Act violations," and - significantly - land disturbance, erosion and runoff that "creates a *nuisance* on the subject property." (Emphasis supplied.) As we observed in *Kennedy*, supra,

> In responding to a motion for summary judgment, plaintiffs have a statutory duty to produce whatever viable theory of recovery they might have or run the risk of an adjudication on the merits of their case. Thus, although plaintiffs enjoy considerable leeway in amending the complaint before the entry of a pre-trial order, see OCGA § 9-11-15 (a), plaintiffs who have lost on appeal from a summary judgment ruling are not allowed to return to the trial court and amend the complaint to try a new theory of recovery. As this Court nicely put the point a long time ago, no party, plaintiff or defendant, is permitted to stand his case before the court on some of its legs, and if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of the former judgment. Restyling the complaint in terms of a theory of recovery *ascertainable in the original case* will not revive a cause of action that was defeated on appeal from a summary judgment ruling.

(Citations and punctuation omitted; emphasis in original.) 322 Ga. App. at 43-44.

Wilann could have brought a cause of action in nuisance based on the facts it pleaded, and that theory of recovery was ascertainable in its counterclaim prior to

5

summary judgment. Any nuisance claim therefore is barred by res judicata, and the action against Georgia Power terminated with the entry of final judgment on the remittitur, *before* Wilann attempted to add a party or file an amended complaint. It therefore could not amend or add a party to an action that had already terminated.

2. In addition, even assuming that the case survived summary judgment, the trial court did not abuse its discretion in finding that Wilann failed to meet its burden of demonstrating why it did not seek to add Caffrey Construction as a party at an earlier time. At the time of Georgia Power's Motion for Summary Judgment, filed on December 2, 2011, Wilann was aware that the clearing activities on its property were performed by Caffrey Construction and that Georgia Power was asserting Caffrey Construction's status as an independent contractor. Indeed, in its answer and counterclaim, filed on March 18, 2010, Wilann referred to "Georgia Power's contractors." But it never sought to add Caffrey Construction as a party, and it has articulated no reason why it failed to do so in light of the facts of this case.

"In determining whether to allow an amendment to add a party, the trial court may consider whether the new parties will be prejudiced thereby and whether the movant has some excuse or justification for having failed to name and serve the new parties previously." (Citation, punctuation, and footnote omitted.) *Riding v. Ellis*, 297

6

Ga. App. 740, 742-743 (1) (678 SE2d 178) (2009); see also *Ellison*, supra, 288 Ga. App. at 418 (2). The trial court did not err in denying Wilann's motion for this additional reason.

*Judgment affirmed. Barnes, P. J., and Branch, J., concur*.