297 Ga. 55
FINAL COPY

S14G1223. BOSTICK v. CMM PROPERTIES, INC. et al.

HINES, Presiding Justice.

This Court granted certiorari to the Court of Appeals in *Bostick v. CMM Properties,* 327 Ga. App. 137 (755 SE2d 895) (2014), to consider whether the Court of Appeals erred when it found an identity of parties (or their privies) sufficient to permit the application of res judicata. See OCGA § 9-12-40.[1]  For the reasons that follow, we find that the Court of Appeals erred in this regard, and consequently, we reverse and remand.

The facts as found by the Court of Appeals are the following. In January 1992, Diversified Capital Management, Inc. ("Diversified") leased premises designated as a grocery store to James Bostick ("Bostick"). In August 1992, Diversified assigned its rights as lessor to Ingram Timber Enterprises, L.P.

---

[1] OCGA § 9-12-40 provides:
>   A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

("Ingram"). In October 2000, Bostick, with the approval of Ingram, subleased the property to CMM Properties, Inc. ("CMM"). The sublease was subject to all the terms of the original lease, referred to by the parties as the "master lease."

In June 2005, Ingram filed suit in superior court against CMM and three individual guarantors of the sublease (collectively "the CMM parties"), but not against Bostick. Ingram claimed default under the terms of the master lease and sublease, and sought liquidated damages under paragraph 22 of the master lease. The trial court granted summary judgment to the CMM parties, finding that the purported liquidated damages sought under paragraph 22 constituted a void and unenforceable penalty. Ingram never appealed that final judgment.

In January 2010, Ingram filed a complaint for rent and breach of contract against Bostick, seeking the same liquidated damages sought in the first suit. Then in November 2010, Bostick filed a third-party complaint against the CMM parties, claiming that if he was liable to Ingram, then the CMM parties were liable to him.[2] The CMM parties moved for summary judgment, asserting, inter alia, res judicata based on the judgment in the first lawsuit. Before the trial court

_____

[2] In December 2012, Ingram filed an amendment to its complaint for rent and breach of contract, invoking, inter alia, other remedy provisions of paragraph 22 of the master lease.

2

ruled on the summary judgment motion, Ingram and Bostick entered into a consent judgment, which provided that Ingram was entitled to judgment in excess of $1 million, but that Ingram would not attempt to collect such judgment. Instead, the consent judgment would be satisfied by Bostick pursuing the case against the CMM parties. They agreed that Ingram would get two-thirds and Bostick one-third of any amount collected from the CMM parties.

Subsequently, the trial court granted the CMM parties' motion for summary judgment, finding that res judicata precluded the suit; that the remedy provisions of the master lease were void and unenforceable penalties; and that under the terms of the consent judgment between Ingram and Bostick there was no real threat of liability for Bostick, and thus, no secondary liability to be recovered by the third-party action.

Bostick appealed to the Court of Appeals, arguing, inter alia, that he was not a party to the first lawsuit, therefore, it could not preclude him in the second one. The Court of Appeals affirmed, and as to the issue of res judicata, found that Bostick and the CMM parties were privies, and therefore, that Bostick was

3

bound by the judgment in the first lawsuit.[3]

This analysis by the Court of Appeals and its consequent conclusion are fatally flawed because they are premised on a basic misconception of the doctrine of res judicata. As noted, the doctrine provides that the judgment of a court competent to render it is conclusive as to the same parties and their privies and in regard to all matters actually put in issue or which might have been lawfully put in issue in the action in which the judgment was rendered. OCGA § 9-12-40. The purpose of res judicata is to "[prevent] the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." *Body of Christ Overcoming Church of God v. Brinson*, 287 Ga. 485, 486 (696 SE2d 667) (2010), quoting *Karan, Inc. v. Auto-Owners Ins. Co.*, 280 Ga. 545, 546 (629 SE2d 260) (2006). As OCGA § 9-12-40 reflects, there are three requirements which must be satisfied in order for res judicata to apply: there must be identity of the cause of action, identity of the parties or their privies, and previous adjudication on the merits by a court of competent

---

[3] In Division 1 of its opinion, the Court of Appeals ruled in favor of Bostick on an issue of venue, but such ruling is not a part of this granted certiorari. In Division 3, the Court of Appeals determined that it need not address the remaining claims of error given its holding in Division 2 based upon res judicata.

jurisdiction. *Church of God v. Brinson*, supra at 486, quoting *Karan, Inc. v. Auto-Owners Ins. Co.*, supra at 546. It is axiomatic that the party against whom the doctrine of res judicata is raised as a bar to the subsequent suit must have had a full and fair opportunity to litigate the issues in the first action. *Fowler v. Vineyard*, 261 Ga. 454, 456 (1) (405 SE2d 678) (1991). Thus, at its core, res judicata contemplates an adversarial proceeding. *Lilly v. Heard*, 295 Ga. 399, 402 (2) (a) (761 SE2d 46) (2014). Indeed, the existence of an adversarial relationship between co-parties is a prerequisite for res judicata to apply. *Fedeli v. UAP/Ga. Ag. Chem.*, 237 Ga. App. 337, 340 (2) (514 SE2d 684) (1999), quoting *Fowler v. Vineyard*, supra at 457 (3) (a).

In this case, the Court of Appeals found that Bostick and the CMM parties were privies, that is, there was an identity of parties for the purpose of res judicata, and therefore, Bostick was bound by the judgment in the first lawsuit. But, the CMM parties could not properly assert res judicata against their own privy. In order to satisfy the identity-of-parties requirement for application of the bar of res judicata, the alignment of the parties as adversaries must be the same in both suits; the plaintiff and defendant in the subsequent action must have been adversaries in the prior suit, otherwise res judicata is inapplicable.

5

See 21A Fed. Proc., L. Ed., § 51:234 (2015), citing *Heller Financial v. Grammco Computer Sales*, 71 F3d 518, 28 U.C.C. Rep. Serv. 2d 1343 (5th Cir. 1996). The only action extant was the third-party complaint filed by Bostick against the CMM parties. See OCGA § 9-11-14 (a).[4] This was so, regardless of whether it was one for solely indemnity or included direct claims against the CMM parties. See OCGA § 9-11-18.[5] The suit by Ingram against Bostick was

[4] OCGA § 9-11-14 (a) provides:

**When defendant may bring in third party.** At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than ten days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action. The person served with the summons and third-party complaint, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim as provided in Code Section 9-11-12 and his counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Code Section 9-11-13. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Code Section 9-11-12 and his counterclaims and cross-claims as provided in Code Section 9-11-13. Any party may move to strike the third-party claim, or for its severance or separate trial. A third-party defendant may proceed under this Code section against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third-party defendant.

[5] OCGA § 9-11-18 provides:

(a) **Joinder of claims**. A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim may join, either as independent

concluded by the consent judgment in favor of Ingram.[6]  Thus, Bostick was the party against whom the doctrine of res judicata was sought to be applied, in order to extinguish the third-party complaint.[7]  But as a privy of the CMM parties, the doctrine could not be applied against him because of the lack of an adversarial relationship in regard to the prior litigation.  Even if Bostick is not deemed to be such a privy of the CMM parties, res judicata is not properly asserted against him by the CMM parties so as to preclude Bostick's third-party complaint because Bostick was not involved in the initial suit brought by

---

or as alternate claims, as many claims, legal or equitable, as he has against an opposing party.

(b) **Joinder of remedies; fraudulent conveyances**. Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him without first having obtained a judgment establishing the claim for money.

[6]In its brief, the CMM parties raise questions of collusion between Ingram and Bostick and the validity of the consent judgment in regard to the third-party complaint; however, such issues are not within the confines of this Court's grant of certiorari.

[7]The CMM parties urge that plaintiff Ingram was the party against whom it sought to invoke the bar of res judicata; however, even if such premise is accepted, it is plain from the opinion of the Court of Appeals that its analysis presumed that the doctrine was being invoked directly against third-party plaintiff Bostick.

7

Ingram.[8]

Simply, the Court of Appeals erred when it upheld the grant of summary judgment in favor of the CMM parties and against Bostick on the basis that res judicata was a bar to Bostick as the CMM parties' privy. Accordingly, the case is remanded to the Court of Appeals for reconsideration in light of this opinion.

<u>Judgment reversed and case remanded. All the Justices concur.</u>

Decided May 11, 2015.

Certiorari to the Court of Appeals of Georgia – 327 Ga. App. 137.

<u>Anderson, Walker & Reichert, Jonathan A. Alderman, Donyale N. Leslie</u>, for appellant.

<u>Spurlin & Spurlin, John C. Spurlin</u>, for appellees.

---

[8]There is no finding that Ingram and Bostick are in privity.