**FOURTH DIVISION**
**DOYLE, C. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 11, 2016**

# In the Court of Appeals of Georgia

A13A1662. BOSTICK v. CMM PROPERTIES, INC. et al.

MCFADDEN, Judge.

In *Bostick v. CMM Properties*, 297 Ga. 55 (772 SE2d 671) (2015), the Georgia Supreme Court reversed Division 2 of our opinion in *Bostick v. CMM Properties*, 327 Ga. App. 137 (755 SE2d 895) (2014), in which we had affirmed the trial court's grant of summary judgment to appellees CMM Properties, Inc., and others (collectively "the CMM parties") on the ground of res judicata. In reversing, the Supreme Court found that there was not sufficient identity of the parties or their privies to permit application of res judicata. 297 Ga. at 55, 59. Accordingly, we vacate Division 2 of our prior opinion, adopt the Supreme Court's judgment as our own, and hold that the trial court erred in granting summary judgment on the ground of res judicata.

However, the trial court also granted summary judgment to the CMM parties on the alternative ground that a liquidated damages clause which appellant James Bostick sought to enforce was an unenforceable penalty. We did not review that alternative ground in our prior opinion, but we now consider it and conclude that the trial court correctly found that the liquidated damages clause was an unenforceable penalty. Accordingly, we affirm the trial court's grant of summary judgment on that basis. See *Duke Galish, LLC v. Manton*, 291 Ga. App. 827, 828 (662 SE2d 880) (2008) (grant of summary judgment must be affirmed if right for any reason, whether stated or unstated).

This appeal arises from a third-party complaint filed by Bostick against the CMM parties, seeking to enforce a liquidated damages provisions set forth in a lease.[1] Paragraph 22 of the lease provides that upon the occurrence of a default by the lessee, including the non-payment of rent, the lessor may pursue any of several remedies, separately or concurrently, as set forth in sections (a) through (e) of the paragraph. Sections (a) and (b) provide that the lessor may terminate the lease and, upon such termination, shall be entitled to recover from the lessee liquidated damages in an

---

[1] A more detailed statement of facts can be found in both our prior opinion and the opinion of the Supreme Court cited above.

amount equal to all rent which was then due and which would otherwise have become due throughout the remaining term of the lease as if it had not been terminated. Section (c) provides that the lessor may give the lessee ten days notice to cure the default, after which the entire amount of rent due under the remainder of the lease term shall become immediately due and payable without further notice. Section (d) allows the lessor to terminate the lease, enter the property and re-let it for any term the lessor deems proper, with the lessee being liable for any deficiency. And section (e) provides that the lessor may

> declare the entire amount of . . . [r]ent and other sums which in [l]essor's reasonable determination would be due and payable during the remainder of the [l]ease [t]erm, discounted to present value by using a reasonable discount rate selected by [l]essor, to be due and payable immediately. Upon such acceleration of such amounts, [l]essee agrees to pay the same at once, . . . provided, however, that such payment shall not constitute a penalty or forfeiture but shall constitute liquidated damages for [l]essee's failure to comply with the terms and provisions of this [l]ease. . . . Upon making such payment, [l]essee shall receive from [l]essor all rents received by [l]essor from other [l]essees renting the [p]remises during the remainder of the [l]ease [t]erm, provided that the monies to which [l]essee shall so become entitled shall in no event exceed the entire amount actually paid by [l]essee to [l]essor pursuant to the preceding sentence, less all of [l]essor's costs and expenses . . . incurred in connection with or in any way related to the reletting of the [p]remises.

On appeal, Bostick argues that the trial court failed to consider all of paragraph 22 of the lease and that if it had properly considered the entire paragraph, specifically section (e), it would have found that the paragraph constitutes a valid liquidated damages provision. However, we do not accept Bostick's premise that the trial court failed to consider all of paragraph 22 since the trial court's order, although it indicates that the initial remedy pursued was under section (a) of the lease, further indicates that the court made its legal conclusions as to the remedy provisions set forth therein after a review of the entire lease. Moreover, contrary to Bostick's argument, it is apparent from a review of paragraph 22 in its entirety, including section (e), that it does not constitute a valid liquidated damages provision.

> [W]hile a tenant generally is not responsible for rent accruing after the landlord resumes possession, the parties may contract otherwise, provided that the lease agreement contains an explicit and detailed provision which clearly and unequivocally expresses the parties' intention to hold the tenant responsible for after-accrued rent. Such accelerated rent provisions are enforceable as valid liquidated damages clauses if (1) the injury caused by breach of the lease is difficult or impossible to estimate accurately; (2) the parties intend to provide for damages rather than a penalty; and (3) the stipulated sum is a reasonable pre-estimate of the landlord's probable loss. If these requirements are not met, then the accelerated rent provision fails as a penalty. Whether an accelerated rent provision is enforceable is a question of law for the court.

4

*Nobles v. Jiffy Market Food Store Corp.*, 260 Ga. App. 18, 20 (1) (579 SE2d 63) (2003) (citations and punctuation omitted).

In this case, even if we assume that the first two requirements for a valid liquidated damages provision were met by paragraph 22, the third requirement that it be a reasonable pre-estimate was not met. Indeed, section (e) of the paragraph, upon which Bostick relies, is materially indistinguishable from the accelerated rent provision at issue in *Peterson v. P. C. Towers*, 206 Ga. App. 591 (426 SE2d 243) (1992). We found that provision, which is set out in the margin,[2] to be an

---

[2] The provision at issue in *Peterson* provided: "Landlord may, at its option, declare the entire amount of the rent which would become due and payable during the remainder of the term of this lease to be due and payable immediately upon ten days written notice to Tenant of Landlord's intent to accelerate said payments for the unexpired term; and with reduction to present cash value of said payments based upon a discount rate of twelve percent (12%) as the present value factor, in which event Tenant agrees to pay the same at once, together with all rents theretofore due, at the office of the Landlord, Atlanta, Georgia, provided, however, that such payments shall not constitute a penalty or forfeiture or liquidated damages, but shall merely constitute payment in advance of the rent for the remainder of the said term. Upon making such payment, Tenant shall receive from Landlord all rents received by Landlord from other tenants on account of said Premises during the term of this Lease, provided, however, that the monies to which the Tenant shall so become entitled shall in no event exceed the entire amount payable by Tenant to Landlord under the preceding sentence of this subparagraph." *Peterson*, 206 Ga. App. at 592 (2) (punctuation omitted).

unenforceable penalty since it did not provide a reasonable estimate of actual

damages. As stated in *Peterson*:

> To qualify as enforceable liquidated damages, the sums sought as accelerated rent under the lease must be a reasonable estimate of actual damages. Under the lease provisions, the landlord was entitled to terminate the lease, evict the tenant, and then collect in advance rent reduced to present value which would have been payable to the end of the lease term. These provisions give the landlord the benefit of both present possession of the premises, and the present value of all future rent. Reduction of the accelerated rent to present value is a factor tending to establish that the accelerated rent sum is a reasonable estimate of probable loss. However, both possession of the premises and a present lump sum award of future rent without any calculation of damages based on the future rental value of the premises, and the likelihood of reletting, provides [the landlord] with payment potentially bearing no reasonable relation to actual damages. Actual damages at the time of the breach may be stated as the difference between the rent which would have been payable by the tenant under the lease, and the market value of the premises for the remainder of the original lease term. Accordingly, in order to make a reasonable estimate of the difference between the rent due in the lease and the actual rental value of the premises for the remaining term, this calculation must be conditioned on an assessment of future market conditions for the premises to account for future rental value, and the probability of reletting the premises for all or part of the remaining term. The present lease fails to account for these factors in determining the sum sought as liquidated damages.

Id. at 593-594 (3) (citations omitted).

Likewise, in this case, paragraph 22 fails to account for the required factors in

determining the sum sought as liquidated damages. The paragraph, when considered

6

in its entirety, allowed the lessor to take possession of the premises and obtain a lump sum award of future rent without providing for an assessment of future market conditions for the premises to account for future rental value and the probability of reletting the premises. Because there was no reasonable estimate of the difference between the rent due under the lease and the actual rental value of the premises for the remaining term, "the acceleration provision was in the nature of an unenforceable penalty, rather than a [valid] provision for liquidated damages." Id. at 594 (3) (citation omitted). Accordingly, the trial court did not err in granting summary judgment on this ground.

*Judgment affirmed. Doyle, C. J., and Boggs, J., concur.*