**FIRST DIVISION**
**DILLARD, P. J.,**
**MCFADDEN, P. J. and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 20, 2024**

# In the Court of Appeals of Georgia

A24A0137. SOUTHERN OIL REFINERY, LLC et al. v. GLORIA JEAN PRICE et al.

PIPKIN, Judge.

This highly litigious case stems from a tractor-trailer accident that occurred in Treutlen County in June 2015. Christopher Hinson, a truck driver employed by Southern Oil Refinery, LLC ("Southern Oil"), rear-ended a vehicle driven by Beverly Baird; Ricardo Dewberry and Nicholas Price were passengers in the car, and Baird, Dewberry, and Price died in the accident. As a result, wrongful death lawsuits and related causes of action were filed in different courts throughout this State.[1] Of consequence here is the wrongful death lawsuit filed by Price's parents in Gordon

---

[1] Indeed, this Court recently issued an opinion in a related case. See _Southern Oil Refinery, LLC et. al. v. Beauford_, Case No. A23A1398 (Ga. Ct. App., Mar. 12, 2024) (unpublished).

County Superior Court, and the trial court's alleged error in its post-trial apportionment of damages awarded by the jury to the Prices. For the reasons discussed below, we reverse and vacate the trial court's damages judgment, and we remand the case for the court to recalculate the jury's damages award in a manner consistent with this opinion.

1. Price's parents, in their individual capacities and as administrators of his estate, filed a complaint in Gordon County in April 2016 against six named defendants - Chris Hinson, Southern Oil, Employers Mutual Casualty Company ("EMC" the insurance carrier for Southern Oil), Stubbs Oil Company (the fuel distributor that was using Southern Oil's motor carrier services at the time of the accident), Federated Service Insurance Company ("FSIC" the insurer for Stubbs Oil), and Benny Baird as the administrator of the estate of Beverly Baird. The complaint alleged claims for wrongful death; general negligence; negligence per se; negligent hiring, supervision, training, and retention; reckless/wanton conduct; attorney fees under OCGA § 13-6-11; and punitive damages. The Prices amended their complaint two times, first adding Benny Baird and Robin Baird as party defendants and alleging liability under

the family purpose doctrine, and then adding additional claims of negligence and vicarious liability against Hinson and Southern Oil.

In May 2016, Beverly's estate, as well as Benny and Robin Baird in their individual capacities, confessed judgment to the Prices and requested the trial court "enter judgment on the claims against [these defendants] in the amount of $100,000." The court approved the confessed judgment; the Bairds in their individual capacities and as administrators of Beverly's estate remained named party defendants to the action. In the meantime, Stubbs Oil and FSIC filed motions for summary judgment which were denied by the trial court. Stubbs Oil and FSIC appealed to this Court and we reversed, finding that summary judgment should have been granted. See *Stubbs Oil v. Price*, 357 Ga. App. 606 (848 SE2d 739) (2020). Upon remand, the trial court entered judgment in favor of Stubbs Oil and FSIC; however, nothing in the record shows that these parties were dismissed from the case.

Prior to trial, Southern Oil, Hinson, and EMC filed a notice of apportionment of fault to Robin, Benny, and Beverly Baird under the former version of OCGA §

51-12-33[2]. The Prices moved in limine to prohibit any argument on apportionment of fault, contending that the case concerned one, indivisible tortfeasor – Southern Oil and its employee. Southern Oil, Hinson, and EMC responded, arguing that: 1) apportionment to Robin, Benny, and Beverly was mandatory under the plain language of the apportionment statute; 2) the action did not involve a single tortfeasor because the complaint was brought against nine defendants, many of whom still remained as party defendants on the case; and 3) Southern Oil and Hinson were divisible tortfeasors based upon the Prices' separate and distinct claims of negligence against Southern Oil and Hinson. After a hearing, the trial court summarily granted the Prices' motion in limine.

The day before trial, Southern Oil, Hinson, and EMC filed a second motion for apportionment of fault. In this motion, they requested that the jury be allowed to consider apportioning fault to Nicholas Price, that the trial court reconsider its prior ruling on apportionment, and that the jury be allowed to apportion fault to Beverly Baird. The trial court denied the motion, and the case proceeded to trial. After the

[2]The General Assembly amended Georgia's apportionment statute, effective May 2022; the amended statute is prospective as it applies "to all cases filed after the effective date." 2022 Ga. Laws Act 876, § 2. Because this action was filed in 2016, we apply and analyze the former version of the apportionment statute.

4

close of evidence, the Prices informed the trial court that they would consent to the jury considering apportionment of fault between Hinson, Beverly Baird, and Nicholas Price. Thereafter, the court instructed the jury to consider apportionment of fault between Hinson, Beverly Baird, and Nicholas Price. The jury awarded $3,002,700 in compensatory damages to the Prices and apportioned fault as follows: 80 percent fault to Hinson, 15 percent fault to Beverly Baird, and 5 percent fault to Nicholas Price. The jury also awarded $1,800,000 in litigation expenses and $500,000 in punitive damages to the Prices.

The Prices submitted a proposed judgment to the trial court for the full amount of the verdict, plus prejudgment interest, for a total of approximately $6.9 million, reducing the compensatory damages award by the 5 percent apportionment finding against Nicholas Price. Southern Oil, Hinson, and EMC objected to the damages and prejudgment interest calculations on numerous grounds, including the exclusion of the 15 percent fault finding against Beverly Baird and the inclusion of EMC's $1,000,000 umbrella policy in the calculation of available policy limits. In response, the Prices recalculated some of the damages, keeping the 5 percent compensatory damages reduction and the umbrella coverage in its calculations, and submitted

another proposed judgment to the trial court. The trial court determined that this was a "single tortfeasor case," and signed the second proposed judgment order; Southern Oil, Hinson, and EMC appeal this order.

2. Southern Oil argues that the trial court erred by failing to reduce the compensatory damages award by 20 percent where the jury assigned 5 percent fault to Nicholas Price and 15 percent fault to Beverly Baird. Specifically, Southern Oil argues that the plain language of the applicable version of OCGA § 51-12-33 (b) required the trial court to reduce Southern Oil's damages by 20 percent. We agree.

The relevant version of OCGA § 51-12-33 (b) states, in pertinent part, "[w]here an action is brought against more than one person for injury to person or property, the trier of fact, . . . shall . . . apportion its award of damages among the persons who are liable according to the percentage of fault of each person." The parties and amici[3] focus much of their briefing on the meaning of the word "brought" within this subsection. We are not so sure, however, that the meaning of "brought" controls our analysis in this case. As previously explained by our Supreme Court, "[b]y its plain language, the phrase at the outset of [former] subsection (b) – [w]here an action is

---

[3] We express our gratitude for the amicus curiae briefs filed in this matter by the Georgia Trial Lawyers Association and by Trent Speckhals and Robert Roll.

brought against more than one person – limits the application of subsection (b) to an action brought against at least two defendants." (Citation omitted.) *Alston & Bird v. Hatcher Mgmt. Holdings,* 312 Ga. 350, 356 (2) (862 SE2d 295) (2021). In other words, "subsection (b) is applicable in cases where there is more than one named defendant and fault is capable of division." *Eliezer v. Mosley*, 369 Ga. App. 102, 106 (891 SE2d 555) (2023). And, "[w]here subsection (b) applies, . . . the percentage of fault of a nonparty must be considered when apportioning damages to party defendants . . . [because] a given defendant is liable only for the damages corresponding to the percentage of fault allocated to that defendant." (Citations omitted.) *Hatcher*, 312 Ga. at 355-356 (2).

Here, no matter whose interpretation of the meaning of the word "brought" we rely upon - either meaning the filing of the original action, as argued by Southern Oil, or meaning the remaining defendants at the time a case is brought to trial, as argued by the Prices - there were numerous *named* defendants in this lawsuit at all times. The Civil Procedure Act requires that, in multi-defendant cases, a plaintiff must seek leave from the trial court to dismiss a single defendant. See *Intl. Maintenance Corp. v. Inland Paper Bd. & Packaging*, 256 Ga. App. 752, 755 (2) (569

SE2d 865) (2002) (noting that plaintiff can voluntarily dismiss his or her case without court permission under certain circumstances under OCGA § 9-11-41 (a), but "dismissing fewer than all defendants is considered to be 'dropping' a party and requires the court's permission" under OCGA § 9-11-21). The record is devoid of any evidence that any such permission was ever sought in this case, and the trial court never issued an order dropping any of the numerous party defendants from the case. Consequently, under the unique circumstances of this case, despite a pre-trial settlement and a pre-trial grant of summary judgment, all of the party defendants *remained* named defendants throughout the entirety of the litigation, even through the Prices' jury trial. Accordingly, this is not a single tortfeasor case and the trial court was required to follow the parameters of the applicable version of the apportionment statute.

The Prices argue that this Court's prior decision in *Georgia CVS Pharmacy v. Carmichael*, 362 Ga. App. 59 (865 SE2d 559) (2021), controls the outcome of this case. In *Carmichael*, this Court held harmless any alleged failure by a jury in declining to assign fault to a non-party where there was only one named defendant that remained in the case by the time the case proceeded to trial. Id. at 72 (3). However, the Georgia

Supreme Court has since disapproved of our reasoning in *Carmichael*, noting that "whether OCGA § 51-12-33 (b) would have applied under these circumstances remains an open question." *Georgia CVS Pharmacy v. Carmichael*, 316 Ga. 718, 740, n.16 (III) (890 SE2d 209) (2023). Further, even if our *Carmichael* decision remained good law, it is inapposite to the case because, in this case, there were numerous defendants that remained at the time of trial. Based on the foregoing, the trial court erred by failing to include the 15 percent fault the jury assigned to Beverly in its damages calculations.[4] Accordingly, we reverse the decision of the trial court, vacate the order setting out the judgment, and remand the case with direction that the court

---

[4] Because we find that the trial court should have reduced the compensatory damages by 20 percent, we do not address the alternative argument on appeal that Southern Oil, Hinson, and EMC were entitled to a setoff based upon the Bairds' $100,000 consent to settlement with the Prices.

9

recalculate the damages owed by Southern Oil[5] in a manner consistent with this opinion.

3. EMC also argues that the trial court erred by entering judgment against it beyond the available proceeds of its $1,000,000 primary policy. Namely, EMC argues that OCGA § 40-1-112, the so-called direct action statute, does not authorize actions against an insured's excess insurance carrier. See *RLI Ins. Co. v. Duncan*, 345 Ga. App. 876, 878 (815 SE2d 558) (2018). This, of course, is well settled Georgia law. That said, the Prices contend that the trial court had personal jurisdiction over EMC as the primary insurance carrier and, therefore, could enter judgment against EMC under the excess policy. However, this issue is moot because "excess insurance coverage is not regarded as collectible insurance until the limit of liability of the primary policy is exhausted." (Citation omitted.) *Werner Enterprises v. Stanton*, 302 Ga. App. 25, 26

---

[5] The 20 percent apportionment of fault applies to all compensatory damages, including the $1,800,000 attorney fee award pursuant to OCGA § 13-6-11. See *Hatcher*, 312 Ga. at 359 (noting that expenses of litigation awarded under OCGA § 13-6-11 "are part of the total amount of damages to be awarded and thus are subject to apportionment under OCGA § 51-12-33") (footnote omitted). On remand, we remind the trial court that, in recalculating damages, it may need to refer to and, potentially, interpret, the relevant insurance policies. See *Carolina Cas. Ins. Co. v. Davalos*, 246 Ga. 746, 746 (272 SE2d 702) (1980) ("[T]he plaintiff cannot recover from the insurer any more than the liability fixed by its contract and the statute.") (citation omitted).

(690 SE2d 623) (2010). Because we have vacated the damages judgment in this case, and because we previously reversed the judgment of the Toombs County Superior Court in a related case, see *Southern Oil Refinery, LLC et. al. v. Beauford*, Case No. A23A1398 (Ga. Ct. App., Mar. 12, 2024) (unpublished), the primary insurance policy limit remains unexhausted and, therefore, EMC's excess coverage is not collectible insurance at this juncture.

*Judgment reversed, vacated, and remanded with direction. Dillard, P. J., concurs. McFadden, P. J., concurs fully as to Division 1 and Division 3 and concurs specially as to Division 2.*

A24A0137. SOUTHERN OIL REFINERY, LLC et al. v. PRICE et al.

McFADDEN, Presiding Judge, concurring fully in part and specially in part.

I agree with the majority that the trial court's judgment must be reversed, vacated, and remanded with direction because the relevant version of the apportionment statute applies. But my reasons are different than those of the majority. So, respectfully, I concur specially with Division 2. I concur fully with Divisions 1 and 3.

As the majority observes, the Bairds and the estate of Beverly Baird confessed judgment to the Prices. But the confession of judgment did not end their status as parties in the case. "Even if the consent judgment insulated [them] from any real threat of liability, it did not remove [them] from the case, and in fact required that

[they] continue in the case. . . . [T]he entry of a consent judgment does not equate with a discharge from liability or dismissal. . . ." *Bostick v. CMM Properties*, 327 Ga. App. 137, 139 (1) (755 SE2d 895) (2014) (citation omitted), reversed on other grounds by *Bostick v. CMM Properties*, 297 Ga. 55 (772 SE2d 671) (2015). See generally *Ogden Equip. Co. v. Talmadge Farms*, 132 Ga. App. 834, 838-839 (2) (209 SE2d 260) (1974) (a confession of judgment cannot interfere with the legal rights of third persons).

Pretermitting whether Stubbs Oil Company and Federated Service Insurance Company remained in the lawsuit after the trial court granted them summary judgment, the Bairds and the estate of Beverly Baird remained. So, as the majority holds, there were at least two defendants in this lawsuit at all times. Consequently, the relevant apportionment statute applied, *Alston & Bird v. Hatcher Mgmt. Holdings*, 312 Ga. 350, 356 (2) (862 SE2d 295) (2021), and "the trial court was required to follow the parameters of the applicable version of [that] statute."