## A09A1699. WERNER ENTERPRISES, INC. et al.
## v. STANTON et al.
## A09A1708. WERNER ENTERPRISES, INC. et al.
## v. PADGETT et al.

(690 SE2d 623)

SMITH, Presiding Judge.

In these cases consolidated for appeal, we granted Liberty Mutual Insurance Company's (Liberty Mutual) applications for interlocutory review following the trial court's denial of its motions for summary judgment. Because the trial court erred in concluding that former OCGA § 46-7-12.1 authorized a direct action against an excess insurer, we reverse in both cases.

The record reveals that in 2008, the plaintiffs[1] filed suit against Werner Enterprises, Inc. (Werner), Rafael Ferrer, and Liberty Mutual for the deaths of Mary Gordy and Charles Evans following a 2006 accident involving a freight truck driven by Ferrer, and a motorcycle operated by Evans with Gordy as a passenger. Liberty Mutual moved for summary judgment arguing that the plaintiffs could not bring a direct action under former OCGA § 46-7-12.1[2] because it is an excess insurer and not a primary liability insurer. Werner was self-insured with $1 million in coverage. The policy issued to Werner by Liberty Mutual was an "excess policy" providing $4 million of coverage in excess of Werner's self-insurance. The trial court denied Liberty Mutual's motion for summary judgment holding that the direct action statute, former OCGA § 46-7-12.1, "only references 'the insurance carrier,' " and that to "exclude any excess carrier would . . . rewrite the statute."

Former OCGA § 46-7-12.1 prescribed the requirement of insurance in order to obtain a permit, and allowed the state revenue commissioner to "permit self-insurance, in lieu of a policy of indemnity insurance." OCGA § 46-7-12.1 (b). This Code section also permitted a plaintiff to file suit against a motor carrier's insurer before obtaining a judgment against the insured: "[i]t shall be permissible under this article for any person having a cause of action arising under this article to join in the same action the motor common or motor contract carrier and the insurance carrier, whether arising in tort or contract." Former OCGA § 46-7-12.1 (c).

---

[1] In Case No. A09A1699, the plaintiffs are Jeffery Stanton, Jr., as administrator of the estate of Charles Evans, Eva Stanton, and Maria Evans. In Case No. A09A1708, the plaintiffs are Natasha Padgett and Gregory Padgett as surviving heirs and administrators of the estate of Mary Gordy.

[2] The legislature rewrote this Code section in 2009, replacing former OCGA § 46-7-12.1 with a new section entitled "Indemnity and Hold Harmless Provisions in Motor Carrier Transportation Contracts Void and Unenforceable." OCGA § 46-7-12.1 (2009).

Although the statute did not define "insurance carrier," this court concluded in *Jackson v. Sluder*, 256 Ga. App. 812 (569 SE2d 893) (2002), that an excess policy is not subject to suit under the direct action statute. Id. at 818 (2). In *Jackson*, we recognized that "the direct action statute is in derogation of the common law, [and] the terms of that statute must be strictly construed." (Citation omitted.) Id. We then concluded that

> [n]othing in the statute mentions any other insurance or provides authorization for suit against the excess insurer. Under the guise of construing a statute, we are not at liberty to rewrite it. Moreover, excess insurance coverage is not regarded as collectible insurance until the limit of liability of the primary policy is exhausted.

(Citations and punctuation omitted.) Id.

Although *Jackson*, supra, was decided three years prior to the enactment of the 2005 version of OCGA § 46-7-12.1, the court in *Jackson* construed an earlier version of OCGA § 46-7-12, that contained language nearly identical to the applicable Code section here. The trial court therefore erred in concluding that *Jackson* was "no longer applicable."

The plaintiffs contend that Werner's self-insurance is not insurance because there is no third party to assume the risk for Werner, and that therefore Werner simply has a $1 million deductible. They argue that *Jackson*, supra, is distinguishable because "in that case, there was a primary insurance provider." But the statute here specifically permits self-insurance in lieu of a policy of indemnity insurance, putting both forms of insurance on equal footing, and the excess insurance cannot be collected until the self-insurance limit of $1 million is exhausted. See *Jackson*, supra.

Because Liberty Mutual was an excess insurer, the plaintiffs were not permitted to file suit against it under the direct action statute, and the trial court therefore erred in denying Liberty Mutual's motions for summary judgment on this ground.

*Judgments reversed. Phipps and Bernes, JJ., concur.*

DECIDED JANUARY 13, 2010.

*Dennis, Corry, Porter & Smith, Grant B. Smith, Zachary S. Shewmaker*, for appellants.

*Reynolds, Horne & Survant, W. Carl Reynolds, Bradley J.*

*Survant, Michael G. Horner, Lane & Jarriel, Thomas F. Jarriel*, for appellees.

