**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 24, 2018**

# In the Court of Appeals of Georgia

A18A0149. RLI INSURANCE COMPANY v. DUNCAN.

PHIPPS, Senior Appellate Judge.

After an accident in which plaintiff Eric Duncan was injured, he sued William Wood, the driver of the tractor-trailer also involved; the driver's employer, Stan Koch & Sons Trucking, Inc.; and the trucking company's excess insurer, RLI Insurance Company. RLI then moved to dismiss Duncan's complaint on the ground that as Koch Trucking's excess insurer, it was not a proper party. The trial court denied the motion, reasoning that Koch Trucking's failure to register as self-insured with any governmental federal agency rendered RLI the trucking company's insurer. On appeal, RLI again asserts that as an excess insurer, it is not a proper party to Duncan's suit. We agree and reverse.

> A motion to dismiss should be granted when the complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim. On appeal, we review the trial court's ruling on a motion to dismiss de novo.

*Dept. of Human Resources v. Crews*, 278 Ga. App. 56, 56 (628 SE2d 191 (2006) (footnotes and punctuation omitted).

Although we thus construe the complaint and the record in favor of Duncan as the non-movant, the relevant facts are not in dispute. On October 31, 2016, Duncan was injured in an accident with a tractor-trailer driven by Wood and owned by Koch Trucking. On January 17, 2017, Duncan sued Wood, Koch Trucking, and RLI in Gwinnett County State Court, alleging that defendants' negligence had proximately caused his injuries. Duncan also alleged that RLI had issued an insurance policy in effect on the date of the accident and that as an insurer of Koch Trucking, RLI was subject to a direct action as provided by former OCGA § 46-7-12, the predecessor to OCGA § 40-1-112.[1]

---

[1] As RLI points out, OCGA § 46-7-12 was repealed on July 1, 2012, by passage of The Georgia Motor Common Carrier Act of 2012, 2012 Ga. Laws p. 580, § 1, and replaced by OCGA § 40-1-112.

On February 24, 2017, RLI filed its answer, including the assertion that it was not a proper party, and its motion to dismiss. Attached to the answer was the "Excess Indemnity Policy" at issue, which names Koch Trucking as the insured and provides in relevant part that it provided a "[t]otal aggregate limit of indemnity in excess of Self-Insured Retention or Required Primary Insurance payable for all coverages combined per occurrence" in the amount of $1.25 million. The policy also specified that the "self-insured retention for each coverage indicated" was $750,000, that "required primary insurance" was not applicable, and that RLI's duty to pay "any sums that [Koch Trucking] bec[a]me legally obligated to pay arises *only after [Koch Trucking] ha[d] paid [its] ultimate net loss*," at which point RLI would "indemnify [Koch Trucking] *only for that portion of damages in excess of [Koch Trucking's] retained limit* up to [RLI's] Limits of Indemnity indicated in the Declarations." (Emphasis supplied.)

The trial court denied RLI's motion to dismiss on the ground that because Koch Trucking had not registered as a self-insured with any governmental agency, and because RLI had issued Koch a surety bond in the amount of $1 million per accident, , RLI was "not only an excess carrier but also the [primary] insurer of" Koch Trucking. The trial court granted a certificate of immediate review, and we granted

3

RLI's application for interlocutory appeal. RLI now repeats its argument below that the plain terms of its excess policy bar it from suit at this stage of the proceedings. We agree.

As a preliminary matter, we note that federal regulations set out three ways in which an interstate motor carrier may prove financial responsibility: by (1) obtaining a primary insurance policy, (2) posting a surety bond, or (3) becoming a self-insured as authorized by the Federal Motor Carrier Safety Administration. See 49 CFR § 387.7 (d) (1) - (3). Koch Trucking satisfied this requirement by obtaining the $1 million surety bond from RLI. Given that Koch made a showing of financial responsibility by posting this bond, the only question before us is whether Georgia law[2] authorizes Duncan to proceed against RLI, Koch Trucking's excess insurer.

OCGA § 40-1-112 (a) requires motor carriers to file

> a certificate of insurance for such applicant or holder . . . evidencing a policy of indemnity insurance by an insurance company licensed to do business in this state, which policy must provide for the protection, in case of passenger vehicles, of passengers and the public against injury

---

[2] Although Duncan asserts on appeal that Minnesota rather than Georgia law applies, he failed to raise this issue before the trial court, with the result that we do not reach it here.

proximately caused by the negligence of such motor carrier, its servants, or its agents. . . .

The statute authorizes the Department of Insurance "to permit self-insurance, in lieu of a policy of indemnity insurance, whenever in its opinion the financial ability of the motor carrier so warrants," and it also empowers "any person having a cause of action [against a motor carrier] to join in the same action the motor carrier *and the insurance carrier*, whether arising in tort or contract." OCGA § 40-1-112 (b), (c) (emphasis supplied).

As this Court has often noted, this so-called "direct action statute" does not authorize actions against an insured's excess insurer. See, e.g., *Werner Enterprises, Inc. v. Stanton*, 302 Ga. App. 25, 26 (690 SE2d 623) (2010); *Jackson v. Sluder*, 256 Ga. App. 812, 818 (569 SE2d 893) (2002). As we explained in *Jackson* and repeated in *Werner*:

> Because the direct action statute is in derogation of the common law, [and] the terms of that statute must be strictly construed. . . . Nothing in the statute mentions any other insurance or provides authorization for suit against the excess insurer. Under the guise of construing a statute, we are not at liberty to rewrite it. Moreover, excess insurance coverage is not regarded as collectible insurance until the limit of liability of the primary policy is exhausted.

*Jackson*, 256 Ga. App. at 818 (2) (citations and punctuation omitted); see also *Werner*, 302 Ga. App. at 26. Following *Jackson*, moreover, a recent unpublished decision from the District Court for the Southern District of Georgia concluded that under Georgia law, an excess insurer was not subject to a plaintiff's direct action when the insured maintained a $250,000 self-insured retention:

> Georgia courts have repeatedly recognized the validity of excess policies and the exhaustion requirements necessarily embedded within those policies. [*Jackson.*] [And] under Georgia law, when an excess policy clearly sets a threshold starting point for payment, the contract is unambiguous and must be enforced. *Garmany v. Mission Ins. Co.*, 785 F2d 941, 945-46 (11th Cir. 1986).

*Hamlett v. Carroll Fulmer Logistics Corp.*, 2016 WL 5844486, *8 (II) (A) (S. D. Ga., Sept. 30, 2016) (some citations and punctuation omitted). Like its predecessor statutes, then, OCGA § 40-1-112 "'specifically permits self-insurance in lieu of a policy of indemnity insurance, putting both forms of insurance on equal footing, and the excess insurance cannot be collected until the self-insurance limit . . . is exhausted.'" *Hamlett* at *8, quoting *Werner*, 302 Ga. App. at 26; see also *Southeast Atlantic Cargo Operators, Inc. v. First State Ins. Co.*, 197 Ga. App. 371, 371 (398

SE2d 264) (1990) (insolvency of primary insurer did not require excess insurer to "drop down" and provide primary coverage).

The policy before us is perfectly clear that RLI's duty to pay "any sums that [Koch Trucking] bec[a]me legally obligated to pay arises only after [Koch Trucking] ha[d] paid [its] ultimate net loss," at which point RLI would "indemnify [Koch Trucking] only for that portion of damages in excess of [Koch Trucking's] retained limit up to [RLI's] Limits of Indemnity indicated in the Declarations." Because RLI's insurance policy establishes that it provides only excess insurance to Koch Trucking, and because excess insurers are not proper parties to a plaintiff's action against an insured, this trial court erred when it denied RLI's motion to dismiss it from Duncan's suit. See *Crews*, 278 Ga. App. at 59 (reversing a trial court's partial denial of a motion to dismiss because the movant was not properly a party to the plaintiff's negligence claim).

*Judgment reversed. Ellington, P. J., and Bethel, J., concur*.